UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL GURGONE, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> GLOBAL SIGNAL ACQUISITIONS IV LLC, <br><br> Defendant/Counter-Plaintiff. | Case No. 16 CV 10549 <br><br> Judge Sara L. Ellis |

## DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant/Counter-Plaintiff Global Signal Acquisitions IV LLC ("GSA IV"), by and through its attorneys move this honorable Court to enter summary judgment in its favor against Plaintiff/Counter-Defendant Michael Gurgone ("Gurgone") pursuant to Federal Rule of Civil Procedure 56. In support of this Motion GSA IV states as follows:

1. GSA IV is seeking summary judgment on its Amended Counterclaim for declaratory, injunctive, and other relief. Dkt. 45.

2. GSA IV seeks a declaration of its rights under the Easement Agreement and the Assignment and Assumption of Lease Agreement ("Assignment"), and consequently the PCS Site Agreement, which was assigned to GSA IV by SprintCom, Inc. ("Sprint").

3. GSA IV seeks a declaration that the legal description of the Access and Utility Easements in the Easement Agreement and in the Assignment be amended to reflect a right to use the same access road and location of the utilities since the communication tower was built on the property that Gurgone leased to GSA IV in New Lennox, Illinois (the "Site"). Specifically, GSA IV requests that Exhibit B to the Assignment (Exhibit 4) and as Exhibit C to the Easement (Exhibit 5) be amended to the attached amended legal description. *See* the following Attachment.

4. GSA IV seeks a judgment as to liability that Gurgone has engaged in various acts that constitute a breach of the terms of the Easement as well as the Assignment and consequently the PCS Site Agreement.

5. The Court should enter a permanent injunction prohibiting Gurgone from interfering with GSA IV's and its agents' rights to access the portion of property that Gurgone leased to GSA IV. *See In re Marriage of Seffren*, 366 Ill. App. 3d. 628, 637 (1st Dist. 2006) ("[T]he purpose of a permanent injunction is to maintain the status quo indefinitely following a hearing on the merits.").

6. GSA IV seeks dismissal with prejudice of Gurgone's Second Amended Complaint against GSA IV. Dkt. 17.

7. The bases for this motion are set forth in the accompanying Defendant/Counter-Plaintiff Global Signal Acquisitions IV LLC Memorandum of Law in Support of Its Motion for Summary Judgment[1].

WHEREFORE, Defendant/Counter-Plaintiff Global Signal Acquisitions IV LLC respectfully requests that this Court:

    1. Grant its Motion for Summary Judgment as to Count I of its Amended Counterclaim for declaratory judgment and grant a declaration as to the rights and obligations under the Easement, Assignment and Assumption of Lease Agreement, and the PCS Site Agreement and order the erroneous legal descriptions in the Easement and Assignment and Assumption of

---

[1] Per the court's standing order, the Parties meet and conferred regarding the basis for GSA IV's motion for summary judgment. Gurgone disputes the motion and will respond in the time frame ordered by the Court.

Lease Agreement be amended in accordance with the following Attachment.

2. Grant its Motion for Summary Judgment as to liability on Count II of its Amended Counterclaim for breach of contract and permanently enjoin Gurgone from obstructing or impeding GSA IV's rights under the Easement, Assignment and Assumption of Lease Agreement, and the PCS Site Agreement;

3. Dismiss Counts I, II, and III of Gurgone's Second Amended Complaint with prejudice; and

4. For any further relief that this Court deems just and equitable.

Dated: August 3, 2018

/s/ Carrie A. Hall
Attorney for Defendant/Counter-Plaintiff
GLOBAL SIGNAL ACQUISITIONS IV LLC

Carrie A. Hall (6269884)
cahall@taftlaw.com
Anne L. Yonover (6321766)
ayonover@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: 312-527-4000

**ATTACHMENT**

LEASE AREA

COMMENCING AT THE NORTHWEST CORNER OF LOT 1 IN CAROL ESTATES, BEING A SUBDIVISION OF PART OF THE SOUTHEAST QUARTER OF SECTION 8, TOWNSHIP 35 NORTH, RANGE 11 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS; THENCE NORTH 88 DEGREES 02 MINUTES 36 SECONDS EAST, 276.06; THENCE NORTH 01 DEGREES 39 MINUTES 20 SECONDS WEST, 11 FEET; THENCE NORTH 46 DEGREES 39 MINUTES 20 SECONDS WEST, 21 FEET; THENCE SOUTH 88 DEGREES 02 MINUTES, 36 SECONDS WEST, 313 FEET; THENCE SOUTH 43 DEGREES 02 MINUTES 36 SECONDS WEST, 49 FEET; THENCE SOUTH 01 DEGREES 57 MINUTES 24 SECONDS WEST, 24 FEET TO THE POINT OF BEGINNING; THENCE SOUTH 01 DEGREES 57 MINUTES 24 SECONDS EAST, 33 FEET; THENCE NORTH 88 DEGREES 02 MINUTES 36 SECONDS EAST, 22.7 FEET; THENCE NORTH 01 DEGREES 48 MINUTES 12 SECONDS WEST, 33 FEET; THENCE SOUTH 88 DEGREES 02 MINUTES 36 SECONDS WEST, 22.7 FEET TO SAID POINT OF BEGINNING.

TOGETHER WITH:

ACCESS EASEMENT

COMMENCING AT THE NORTHWEST CORNER OF LOT 1 IN CAROL ESTATES, BEING A SUBDIVISION OF PART OF THE SOUTHEAST QUARTER OF SECTION 8, TOWNSHIP 35 NORTH, RANGE 11 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS; THENCE NORTH 88 DEGREES 02 MINUTES 36 SECONDS EAST, 276.06 FEET TO THE POINT OF BEGINNING; THENCE NORTH 01 DEGREES 39 MINUTES 20 SECONDS WEST, 11 FEET; THENCE NORTH 46 DEGREES 39 MINUTES 20 SECONDS WEST, 21 FEET; THENCE SOUTH 88 DEGREES 02 MINUTES, 36 SECONDS WEST, 313 FEET; THENCE SOUTH 43 DEGREES 02 MINUTES 36 SECONDS WEST, 49 FEET; THENCE SOUTH 01 DEGREES 57 MINUTES 24 SECONDS WEST, 57 FEET; THENCE SOUTH 88 DEGREES 11 MINUTES 48 SECONDS WEST, 20 FEET; THENCE NORTH 01 DEGREES 57 MINUTES 24 SECONDS EAST, 66 FEET; THENCE NORTH 43 DEGREES 02 MINUTES 36 SECONDS EAST, 66 FEET; THENCE NORTH 88 DEGREES 02 MINUTES 36 SECONDS EAST, 330 FEET; THENCE SOUTH 46 DEGREES 39 MINUTES 20 SECONDS EAST, 38 FEET; THENCE SOUTH 01 DEGREES 39 MINUTES 20 EAST, 19 FEET TO THE NORTH RIGHT OF WAY LINE OF BJORK DRIVE; THENCE SOUTH 88 DEGREES 02 MINUTES 36 SECONDS WEST ALONG SAID NORTH RIGHT OF WAY LINE, 20 FEET TO SAID POINT OF BEGINNING.

UTILITY EASEMENT LEGAL DESCRIPTION

THAT PART OF THE EAST 793.80 FEET OF THE SOUTH 633.95 FEET OF THE EAST HALF OF THE SOUTHEAST QUARTER OF SECTION 8, LYING SOUTH OF THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF FEDERAL AND INTERSTATE ROUTE 80, ACCORDING TO THE INSTRUMENT RECORDED JANUARY 7, 1965 AS DOCUMENT NO. 1025970, IN SECTION 8, TOWNSHIP 35 NORTH, RANGE 11 EAST OF THE THIRD

PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE NORTH LINE OF THE SOUTH 587.95 FEET OF THE SAID EAST HALF OF THE SOUTHEAST QUARTER, SAID LINE ALSO BEING THE NORTH LINE OF CAROL ESTATES ACCORDING TO THE PLAT THEREOF RECORDED FEBRUARY 25, 1973 AS DOCUMENT NO. R73-5212, AT A POINT 296.06 FEET EAST OF THE NORTHWEST CORNER OF THE SAID CAROL ESTATES; THENCE SOUTH 88 DEGREES 02 MINUTES 36 SECONDS WEST 296.06 FEET, ALONG THE SAID NORTH LINE OF CAROL ESTATES, TO THE NORTHWEST CORNER OF SAID CAROL ESTATES; THENCE SOUTH 01 DEGREES 39 MINUTES 20 SECONDS EAST 133.06 FEET, ALONG THE WEST LINE OF THE SAID CAROL ESTATES, TO THE POINT OF BEGINNING; THENCE NORTH 42 DEGREES 20 MINUTES 31 SECONDS WEST 96.37 FEET; THENCE SOUTH 01 DEGREES 39 MINUTES 20 SECONDS EAST 7.67 FEET; THENCE SOUTH 88 DEGREES 20 MINUTES 40 SECONDS WEST 6.59 FEET; THENCE SOUTH 42 DEGREES 20 MINUTES 31 SECONDS EAST 106.48 FEET, TO THE SAID WEST LINE OF CAROL ESTATES; THENCE NORTH 01 DEGREES 39 MINUTES 20 SECONDS WEST 15.34 FEET, ALONG THE SAID WEST LINE OF CAROL ESTATES, TO THE POINT OF BEGINNING, IN WILL COUNTY, ILLINOIS, CONTAINING 0.014 ACRES MORE OR LESS.

23239326.5

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record in this matter, hereby certifies that on August 3, 2018, I caused a copy of the foregoing to be filed with the Court's CM/ECF system, which provides notice to all counsel of record via electronic mail.

/s/ Carrie A. Hall